UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN HARRIS, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BLUERAY TECHNOLOGIES, INC., et al.,<br><br>          Defendants. | No. CV-07-342-FVS<br><br>ORDER DENYING SUMMARY JUDGMENT |

**THIS MATTER** comes before the Court without oral argument based upon the defendants' motion for summary judgment. They are represented by Steven Schneider. The plaintiffs are represented by Breean L. Beggs and Jeffry K. Finer.

**BACKGROUND**

The Commercial Building is located in Spokane, Washington. Prior to April of 2007, it was owned by Otis Associates Limited Partnership ("Otis Associates"). Some years ago, Otis Associates entered into a Housing Assistance Payment ("HAP") contract with the Spokane Housing Authority, which has become Northeast Washington Housing Solutions ("NEWHS"). Pursuant to the HAP contract, the Department of Housing and Urban Development ("HUD") subsidized the rent of at least some, and perhaps all, of the Commercial Building's tenants. At all times relevant to this action, Steven Harris and Garry Campbell resided in the Commercial Building as federally-subsidized tenants.

ORDER - 1

In time, the original HAP contract expired.  Thereafter, Otis Associates and NEWHS executed a series of one-year "renewal" contracts.  For example, the general partner of Otis Associates, James Delegans, and the executive director of NEWHS, Steve Cervantes, executed a renewal contract on January 31, 2006.  By its own terms, the 2006 renewal contract was to expire on March 31, 2006.  However, when HUD approved the contract, the expiration date was extended until March 31, 2007.

The 2006 renewal contract imposed certain duties upon Otis Associates.  Of particular importance was a notice requirement.  In the event Otis Associates decided not to renew the contract, it was obligated to notify each federally-subsidized tenant in writing at least one year prior to evicting him or raising his rent.  This provision embodied a requirement that is set forth in 42 U.S.C. § 1437f(c)(8)(A).

During 2006, Otis Associates defaulted upon a promissory note that was secured by a deed of trust to the Commercial Building.  The trustee began proceedings to foreclose the deed of trust.  Among other things, the trustee scheduled a Trustee's Sale.  However, the sale was continued at least once.

During March of 2007, Messrs. Cervantes and Delegans signed another renewal contract.  Mr. Cervantes says that they submitted it to HUD, but that HUD did not approve it.

A Trustee's Sale was held on April 13, 2007.  Pacific First West, LLC, submitted the highest bid and obtained title to the Commercial Building.  On May 17, 2007, BlueRay, LLC, acquired Pacific First West.

ORDER - 2

BlueRay evicted all of the tenants in the Commercial Building, but allowed them to stay in their apartments until they found alternate housing.

On October 4, 2007, Messrs. Harris and Campbell filed a three-count action in Spokane County Superior Court. Count one alleges, in part, that the defendants failed to provide the notice required by 42 U.S.C. § 1437f(c)(8)(A). Given this allegation, the defendants removed the matter to federal court. 28 U.S.C. §§ 1441(b), 1446. The Court has original jurisdiction over the federal question created by the plaintiffs' allegations. The Court may exercise supplemental jurisdiction over questions of state law that are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

**RULING**

A. Notice

The parties have presented conflicting testimony concerning notice. Mr. Delegans says that, on January 26, 2006, he sent an email to Justin Vest asking him to distribute a letter to tenants in the Commercial Building warning them that the 2006 contract might not be renewed when it expired on March 31, 2007. Mr. Delegans believes that Mr. Vest distributed the letter as he requested, but he cannot confirm that Mr. Vest did so. Mr. Harris denies the he received the January 26th letter or anything like it. As the record now stands, a rational jury would not be compelled to reject Mr. Harris' recollection and accept Mr. Delegans'. *Cf. Scott v. Harris*, 550 U.S. ----, ----, 127

ORDER - 3

S.Ct. 1769, 1776, 167 L.Ed.2d 666 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Given the absence of evidence strongly confirming Mr. Delegans' recollection and strongly contradicting Mr. Harris', the conflict between the two men's testimony creates a genuine issue of material fact with respect to whether Otis Associates provided the notice required by the 2006 renewal contract.

### B. Necessity of HUD Approval

There is no evidence that HUD approved the 2007 renewal contract. Mr. Cervantes says that HUD approval was necessary in order to give birth to the agreement, and that, without HUD approval, the agreement died in the womb. His opinion in that regard is admissible only if he qualifies as an expert. Fed.R.Evid. 702. In view of his role as the Executive Director of NEWHS, he may well have the training and experience necessary to qualify as an expert. However, the defendants have not provided the Court with enough information about him to justify such a conclusion. Nor, more importantly, have they cited a federal statute or federal regulation stating that HUD approval is required in order to give life to a renewal contract.

### C. Private Right of Action

The Ninth Circuit considers four factors when deciding whether a private right of action is implicit in a federal statute. *See, e.g., Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1023-24 (9th Cir.2007) (quoting factors set forth in *Cort v. Ash*, 422 U.S. 66, 78,

95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)).  The parties have touched upon some of the factors, but they have not discussed them in any depth. Until the record is more fully developed, the Court declines to decide whether the plaintiffs have a private right of action under 42 U.S.C. § 1437f(c)(8)(A).

**IT IS HEREBY ORDERED:**

1. The defendants' motion for summary judgment (**Ct. Rec. 6**) is denied with leave to renew.

2. The defendants' first motion to strike (**Ct. Rec. 33**) is denied as moot.

3. The defendant's second motion to strike (**Ct. Rec. 40**) is denied as moot.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___7th___ day of August, 2008.

>                   s/ Fred Van Sickle
>                     Fred Van Sickle
>         Senior United States District Judge

ORDER - 5