UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN HARRIS and GARRY CAMPBELL,

        Plaintiffs,

    v.

BLUERAY TECHNOLOGIES SHAREHOLDERS, INC., et al.,

        Defendants.

No. CV-07-342-FVS

ORDER DENYING RECONSIDERATION

**THIS MATTER** came before the Court without oral argument based upon the plaintiffs' motion for reconsideration. They are represented by Jeffry K. Finer. The defendants are represented by Stephen Schneider.

**BACKGROUND**

Plaintiffs Steven Harris and Garry Campbell filed an action alleging the owner of the building in which they resided unlawfully forced them out of their apartments. They sought relief under both state and federal law. Defendants BlueRay Technologies Shareholders, Inc., and Pacific First West, LLC, moved for summary judgment. The Court granted their motion on the ground the plaintiffs lacked Article III standing. More specifically, the Court ruled the plaintiffs could not prove their alleged injury would be redressed by a favorable decision. As a result, the Court dismissed the plaintiffs' federal

ORDER - 1

claim and remanded their state claims to state court.  The plaintiffs ask the Court to reconsider.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J Multnomah County*, 5 F.3d 1255, 1263 (9th Cir.1993).  The plaintiffs rely upon the second prong.  They argue the Court's ruling regarding Article III standing is clearly erroneous.

**RULING**

The plaintiffs were "Section 8" tenants.  "'Section 8' refers to Section 8 of the United States Housing Act of 1937, which was added by the Housing and Community Development Act of 1974, Pub.L. No. 93-383, § 201(a), 88 Stat. 633, 662-66 (codified as amended at 42 U.S.C. § 1437f)." *Feemster v. BSA Limited Partnership*, 548 F.3d 1063, 1064 n.1 (D.C.Cir.2008).  The owner of the building in which they resided was subject to the restrictions set forth in 42 U.S.C. § 1437f(c)(8).  The Court discussed § 1437f(c)(8) in the order at issue here:

> This section is divided upon four parts, *viz.*, (8)(A)-(8)(D).  The first sentence of subsection (8)(A) states, "Not less than one year before termination of any contract under which assistance payments are received under this section, other than a contract for tenant-based assistance under this section, an owner shall provide written notice to the Secretary and the tenants involved of the proposed termination."

(Order Dismissing Federal Claim and Remanding State Claims to State Court (Ct. Rec. 182) at 3-4) (quoting 42 U.S.C. § 1437f(c)(8)(A)) (hereinafter "Order").  As the Court went on to explain in its earlier order, Congress anticipated an owner might not comply with §

ORDER - 2

1437f(c)(8)(A):

> In the event the owner does not provide the notice required, the owner may not evict the tenants or increase the tenants' rent payment until such time as the owner has provided the notice and 1 year has elapsed. The Secretary may allow the owner to renew the terminating contract for a period of time sufficient to give tenants 1 year of advance notice under such terms and conditions as the Secretary may require.

42 U.S.C. § 1437f(c)(8)(B). The plaintiffs alleged the defendants violated § 1437f(c)(8) by forcing them to move out of their apartments without first providing the required notice. By itself, the defendants' alleged violation of § 1437f(c)(8) was not enough to create a federal question. More was required. The plaintiffs had to demonstrate § 1437f(c)(8) creates a private cause of action. If not, the Court lacks jurisdiction. *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1229 (9th Cir.2008).

Section 1437f(c)(8) does not explicitly create a private right of action. Does it implicitly create one? Over the past five decades, the Supreme Court has adopted, abandoned, or modified at least two tests for determining whether a statute implicitly creates a private right of action. *See, e.g., Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 297-301 (3d Cir.2007) (surveying the development of the law), *cert. denied*, --- U.S. ----, 129 S.Ct. 47, 172 L.Ed.2d 23 (2008). At one time, the Supreme Court placed great weight upon the answers to four questions:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted[;] . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to

ORDER - 3

>deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Although the Supreme Court has never formally overruled *Cort*, it is becoming increasingly clear the Court no longer attaches equal weight to each of the four considerations quoted above. *Alexander v. Sandoval*, 532 U.S. 275, 286-288, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). By far and away the most important factor is Congressional intent. "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* at 286, 121 S.Ct. 1511. The Third Circuit has interpreted the preceding language to mean courts should engage in a two-step analytic process: "(1) Did Congress intend to create a personal right?; and (2) Did Congress intend to create a private remedy? Only if the answer to both of these questions is 'yes' may a court hold that an implied private right of action exists under a federal statute." *Wisniewski*, 510 F.3d at 301. The Ninth Circuit has not adopted a formal two-part test. Nevertheless, this circuit's approach is consistent with the Third Circuit's. *See, e.g., In re Digimarc Corp. Derivative Litigation*, 549 F.3d at 1231-32 (utilizing the *Cort* factors, but focusing upon whether the statute included rights-creating language and whether it provided a private remedy).

ORDER - 4

A statute does not create a personal right unless, at a minimum, it contains "'rights-creating language.'" *Alexander*, 532 U.S. at 288, 121 S.Ct. 1511. The Court discussed 42 U.S.C. § 1437f(c)(8) at some length in the order challenged by the plaintiffs. The Court suggested § 1437f(c)(8) contains rights-creating language. The existence of such language is necessary, but not sufficient, to create an implied cause of action. "[E]ven where a statute is phrased in . . . explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private right but also a private remedy." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1023-24 (9th Cir.2007) (internal punctuation and citations omitted). On this latter point (*i.e.*, whether § 1437f(c)(8) creates a private remedy), "[s]tatutory intent . . . is determinative. . . . Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander*, 532 U.S. at 286, 121 S.Ct. 1511.

Section 1437f(c)(8)(B) does create a remedy. It states, in part, "In the event the owner does not provide the notice required, the owner may not evict the tenants or increase the tenants' rent payment until such time as the owner has provided the notice and 1 year has elapsed." However, the plaintiffs are not seeking an order reinstating them to their former apartments. To the contrary, the only relief they seek is damages; which poses a problem. Section 1437f(c)(8) does not authorize damages. A similar situation existed in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100

ORDER - 5

S.Ct. 242, 62 L.Ed.2d 146 (1979).  In that case, the plaintiff urged the Supreme Court to find an implied cause of action for damages in § 206 of The Investment Advisors Act of 1940.  The Supreme Court was reluctant:

> If monetary liability to a private plaintiff is to be found, it must be read into the Act.  Yet it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.  "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode."

*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19-20, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) (quoting *Botany Worsted Mills v. United States*, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379 (1929)).  After reviewing the legislative history and text of section 206, the Supreme Court rejected the plaintiff's request.  While the Supreme Court acknowledged Congress had enacted section 206 in order to "protect the victims of [certain] fraudulent practices[,]" *id.* at 24, 100 S.Ct. 242, that fact did "not require the implication of a private cause of action for damages on their behalf" where there was no other evidence Congress intended to create such a remedy.  *Id.*

The text of § 1437f(c)(8) reflects Congress' determination to protect Section 8 tenants from abrupt evictions.  Congress chose a specific mechanism to accomplish its objective.  It combined a financial disincentive and a financial incentive; a "stick and carrot" if you will.  The Court explained in its prior order how the mechanism works:

> Section 1437f(c)(8)(B) is triggered when a building owner terminates a HAP [housing assistance payments] contract

ORDER - 6

> without complying with § 1437f(c)(8)(A). The first sentence of § 1437f(c)(8)(B) places a financial burden upon the owner in such situations. Now that he has terminated his HAP contract, he no longer receives HUD-funded rent subsidies for his Section 8 tenants. He might be willing to accept the loss of this revenue if he could replace it by increasing his Section 8 tenants' rent payments or, in the alternative, by evicting them and seeking tenants who are willing to pay higher rent; but he cannot take either of those steps. He must retain his Section 8 tenants and be satisfied with their limited incomes until he complies with § 1437f(c)(8)(A). Faced with this financial reality, he may reconsider his decision to terminate the HAP contract. If he's willing to do so, HUD has authority to help him. HUD may renew the HAP contract "for a period of time sufficient to give tenants 1 year of advance notice[.]"

(Order at 14.) Congress could have required a building owner to pay damages to Section 8 tenants in the event he failed to provide the notice required by § 1437f(c)(8)(A). Congress did not do so. Instead, Congress adopted the mechanism described above. The mechanism discourages a building owner from evicting Section 8 tenants until he provides the required notice, but it accomplishes the goal without subjecting a noncompliant owner to damages.

In view of the text of § 1437f(c)(8), there is no reason to think Congress intended to authorize Section 8 tenants to recover damages from a noncompliant building owner. Since the plaintiffs lack authority under federal law to obtain the relief they seek, they are not asserting a claim "arising under the . . . laws . . . of the United States." 28 U.S.C. §§ 1331, 1441(b). As a result, the Court lacks jurisdiction over their § 1437f(c)(8) claim. *In re Digimarc Corp. Derivative Litigation*, 549 F.3d at 1229. Thus, even if the

ORDER - 7

Court mishandled the Article III standing issue (a point the Court does not concede), the Court properly dismissed their only federal claim and remanded their state claims to state court.[1]

**IT IS HEREBY ORDERED:**

The plaintiffs' motion for reconsideration (**Ct. Rec. 185**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order and furnish copies to counsel.

**DATED** this  25th  day of March, 2010.

                        s/Fred Van Sickle
                          Fred Van Sickle
               Senior United States District Judge

---

[1] At the very least, say the plaintiffs, they are entitled to nominal damages because the defendants violated § 1437f(c)(8). The plaintiffs are incorrect. To begin with, "the fact that a federal statue has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person. . . . Instead, the statute must give rise to a private cause of action in favor of that person." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d at 1229. As explained above, § 1437f(c)(8) does not do that. Furthermore, nominal damages are not a given. Not all federal remedial statutes provide for nominal damages. *See, e.g., Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1277-78 (10th Cir.2001) (nominal damages are not recoverable under the Family and Medical Leave Act).

ORDER - 8